**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

|  |  |
|---|---|
| Ex-Boyfriend, LLC dba Boredwalk ) | Case No.: 22-cv-04359 |
| Plaintiff, ) | |
| v. ) | Judge: |
| Wicked Chicken Designs, LLC ) | |
| ) | Magistrate: |
| and ) | |
| Jennifer Knutson ) | JURY DEMAND |
| Defendants. ) | |

**COMPLAINT**

Ex-Boyfriend, LLC dba Boredwalk ("Plaintiff"), hereby files this Complaint for copyright infringement against Defendants, on personal knowledge as to Plaintiff's own activities and on information and belief as to the activities of others:

### THE PARTIES

1. Plaintiff is a California limited liability company with a principal place of business located at 9120 Norwalk Blvd, Santa Fe Springs, California 90670.

2. Defendant Wicked Chicken Designs, LLC is an Illinois limited liability company with a principal place of business of 22521 Home Ct., Frankfort, Illinois 60423.

3. Upon information and belief Defendant Jennifer Knutson is an individual with a residence located at 22521 Home Ct., Frankfort, Illinois 60423. Upon information and belief Defendant Jennifer Knutson is the sole owner and operator of Defendant Wicked Chicken Designs, LLC.

## JURISDICTION AND VENUE

4. This is a civil action seeking damages and injunctive relief for copyright infringement under the Copyright Act of the United States, 17 U.S.C. § 101 *et seq*.

5. The Court has subject matter jurisdiction under 17 U.S.C. § 501 and 28 U.S.C. §§ 1331 and 1338(a)-(b). This Court has jurisdiction, pursuant to the principles of supplemental jurisdiction and 28 U.S.C. § 1367, over Plaintiff's claims for unlawful and deceptive acts and practices under the laws of the State of Illinois.

6. This Court has personal jurisdiction over Defendants in that they reside in and transact business in the State of Illinois and in the Northern District of Illinois.

7. Venue is proper in this District pursuant to 28 U.S.C. §§ 1391 and 1400 in that the Defendants are entities or individuals subject to personal jurisdiction in this District. Venue is also proper in this District because a substantial part of the events or omissions giving rise to the claims occurred in this District.

## BACKGROUND FACTS

8. Plaintiff is engaged in the business of designing, manufacturing, distributing, and selling consumer products under the tradename "Boredwalk."

9. Plaintiff designs and sells clothing, journals, books, dishtowels, clips, tote bags, and coffee mugs.

10. Plaintiff is an artist-owned company that offers a fun and trendy selection of styles in connection with its products. Plaintiff has garnered a large following of dedicated consumers due to the smart, fashion-forward, and humorous designs, phrases, and artwork that Plaintiff has created for its products.

11. Plaintiff sells its products through several channels, including through the internet. Plaintiff sells its unique products through its website, www.boredwalk.com, and through third-party platforms, such as www.etsy.com.

12. Plaintiff is the exclusive licensee of artwork created by its owner and operator, Meredith Erin. Plaintiff has the right to bring and control any litigation, enforcement action, proceeding, or other legal action against any unauthorized use, infringement, misappropriation, dilution, or other violation of the Meredith Erin's intellectual property rights.

13. Ms. Erin filed for copyright protection for her work of visual art entitled "Have The Day You Deserve" which is replicated below:



(hereafter "Infringed Work").

14. The Infringed Work was registered with the U.S. Copyright Office. The U.S. Copyright Office issued Copyright Registration Number Vau 1-472-294. A true and accurate copy of the copyright registration certificate is attached as Exhibit 1.

15. Upon information and belief, on June 4, 2022 Defendant Jennifer Knutson was given an image of a shirt incorporating the Infringed Work from a close personal friend as illustrated below:



16. Upon information and belief, Defendant Jennifer Knutson then proceeded to alter the Infringed Work in an attempt to avoid liability.

17. Defendants made a substantially similar variation of the Infringed Work. Defendants then applied the substantially similar variation of the Infringed Work on clothing and listed products for sale on the www.etsy.com shop operated by Defendant Wicked Chicken Designs, LLC (hereafter "Infringing Products"). True and accurate copies of Defendants' infringement is attached as Exhibit 2.

18. Upon information and belief, Defendant Jennifer Knutson acted willfully and knowingly and personally participated in the alleged infringing activities.

19. Upon information and belief, Defendant Jennifer Knutson used Defendant Wicked Chicken Designs, LLC to carry out her own deliberate infringement.

20. Plaintiff has no adequate remedy at law.

**COUNT ONE**
**COPYRIGHT INFRINGEMENT**
**(17 U.S.C. § 101 *et seq*.)**
**(ALL DEFENDANTS)**

21. The Plaintiff repeats and realleges the foregoing allegations above as if fully set forth herein.

22. Plaintiff, has standing to sue because it is the exclusive licensee of Copyright Registration No. Vau 1-472-294.

23. Defendants have reproduced, prepared derivative works, sold or distributed copies, and publicly displayed the Infringed Work, or unauthorized copies that are substantially similar to the Infringed Work. These acts are an infringement of the copyright in the Infringed Work pursuant to 17 U.S.C. §§ 106 and 501.

24. Defendants have reproduced, prepared derivative works, sold or distributed copies, and publicly displayed the Infringing Products, or unauthorized copies that are substantially similar to the Infringed Work. These acts are an infringement of the copyright in the Infringed Work pursuant to 17 U.S.C. §§ 106 and 501.

25. Defendants' unlawful and willful actions as alleged herein constitute copyright infringement of Plaintiff's work, including Plaintiff's exclusive rights to reproduce, distribute, and/or sell such products in violation of 17 U.S.C. § 501(a).

26. The Plaintiff has no adequate remedy at law and, if Defendants' activities are not

enjoined, the Plaintiff will continue to suffer irreparable harm and injury to its goodwill and reputation.

27. Based on Defendants' wrongful conduct, Plaintiff is entitled to injunctive relief, statutory damages and enhanced discretionary damages for willful copyright infringement, and reasonable attorneys' fees and costs.

### COUNT TWO
### UNFAIR COMPETITION
### (Lanham Act, 15 U.S.C. § 1125)
### (ALL DEFENDANTS

28. The Plaintiff repeats and realleges the foregoing allegations above as if fully set forth herein.

29. All Defendants misrepresented and failed to disclose material facts related to the Infringed Work including, but not limited to:

    a. That their offerings were unauthorized reproductions;

    b. Their lack of relationship and unaffiliation with Meredith Erin or Plaintiff, the official maker of the Infringed Work;

    c. The counterfeit nature of the Infringing Products offered.

30. By manufacturing, importing, exporting, advertising, marketing, promoting, distributing, displaying, offering for sale, selling, and/or otherwise dealing in the Infringing Products, Defendants have actually offered and did ship goods in interstate commerce.

31. Likewise, by manufacturing, importing, exporting, advertising, marketing, promoting, distributing, displaying, offering for sale, selling, and/or otherwise dealing in the Infringing Products, Defendants have traded off the extensive goodwill of Plaintiff and its Infringed Work to induce, and did induce and intends and will continue to induce,

customers to purchase its Infringing Products, thereby directly competing with Plaintiff. Such conduct has permitted and will continue to permit Defendants to make substantial sales and profits based on the goodwill and reputation of Plaintiff, which Plaintiff has amassed through its lengthy nationwide marketing, advertising, sales, and cumulative consumer recognition.

32. Defendants' advertising, marketing, promotion, distribution, display, offering for sale, sale, and/or otherwise dealing in the Infringing Products was and is in violation and derogation of Plaintiff's rights and is likely to cause confusion and mistake, and to deceive consumers and the public as to the source, origin, sponsorship, or quality of Defendants' Infringing Products.

33. Defendants knew, or by the exercise of reasonable care should have known, that their advertising, marketing, promotion, distribution, display, offering for sale, sale, and/or otherwise dealing in the Infringing Products and their continuing advertising, marketing, promotion, distribution, display, offering for sale, sale, and/or otherwise dealing in the Infringing Products would cause confusion and mistake, or deceive purchasers, users and the public.

34. As a direct and proximate result of Defendants' aforementioned wrongful actions, Plaintiff has been and will continue to be deprived of substantial sales of its products incorporating its Infringed Work, as well as other similar products.

35. The Plaintiff has no adequate remedy at law and, if the Defendants' activities are not enjoined, Plaintiffs will continue to suffer irreparable harm and injury to their goodwill and reputation.

36. As a result of Defendants' actions alleged herein, Plaintiff is entitled to injunctive relief,

an order granting Plaintiff's damages and Defendants' profits stemming from their infringing activities, and exemplary or punitive damages for Defendants' intentional misconduct in amounts to be determined at trial.

## COUNT THREE
## ILLINOIS UNIFORM DECEPTIVE TRADE PRACTICES
## (815 ILCS 510)

37. The Plaintiff repeats and realleges the foregoing allegations above as if fully set forth herein.

38. The Infringing Products sold and offered for sale by Defendants are of the same nature and type as the Plaintiff's products sold and offered for sale by the Plaintiff and, as such, Defendants' use is likely to cause confusion to the general purchasing public.

39. By misappropriating and using the Plaintiff's Infringed Work, Defendants misrepresent and falsely describe to the general public the origin and source of the Infringing Products and create a likelihood of confusion by consumers as to the source of such merchandise.

40. Defendants' unlawful, unauthorized and unlicensed manufacture, distribution, offer for sale and/or sale of the Infringing Products creates express and implied misrepresentations that the Infringing Products were created, authorized or approved by the Plaintiff, all to the Defendants' profit and to the Plaintiff's great damage and injury.

41. Defendants' aforesaid acts are in violation of the Illinois Uniform Deceptive Trade Practices Act, 815 ILCS 510/2 et seq., in that Defendants' use of the Plaintiff's Infringed Work in connection with their goods and services in interstate commerce, constitutes a false designation of origin and unfair competition.

42. Plaintiff has no adequate remedy at law and, if the Defendants' activities are not enjoined, the Plaintiff will continue to suffer irreparable harm and injury to its goodwill

and reputation.

43. As a result of Defendants' actions alleged herein, Plaintiff is entitled to injunctive relief, an order granting Plaintiff's damages and Defendants' profits stemming from its infringing activities, and exemplary or punitive damages for Defendants' intentional misconduct in amounts to be determined at trial.

## PRAYER FOR RELIEF

WHEREFORE, the Plaintiff prays for judgment against Defendants in favor of the Plaintiff on all counts as follows:

1. That Defendants, their officers, agents, servants, employees, attorneys, confederates, and all persons in active concert with them be temporarily, preliminarily and permanently enjoined and restrained from:

    a. using the Plaintiff's work or any reproduction, counterfeit, copy or colorable imitation of Plaintiff's work in connection with the distribution, advertising, offer for sale and/or sale of merchandise not the genuine products of the Plaintiff; and

    b. passing off, inducing or enabling others to sell or pass off any Infringing Products as genuine products made and/or sold by the Plaintiff; and

    c. committing any acts calculated to cause consumers to believe that Defendants' Infringing Products are those sold under the authorization, control, or supervision of Plaintiff, or are sponsored by, approved by, or otherwise connected with Plaintiff;

    d. further infringing the Plaintiff's copyright and damaging Plaintiff's goodwill;

    e. competing unfairly with Plaintiff in any manner;

    f. shipping, delivering, holding for sale, distributing, returning, transferring or

  otherwise moving, storing or disposing of in any manner products or inventory not manufactured by or for Plaintiff, nor authorized by Plaintiff to be sold or offered for sale, and that infringe on Plaintiff's rights or any reproductions, counterfeit copies, or colorable imitations thereof;

 g. using, linking to, transferring, selling, exercising control over, or otherwise owning or operating any website, third-party account, listings, or any other domain name that is being used to sell or is the means by which Defendants could continue to sell Infringing Products;

 h. operating and/or hosting websites at www.etsy.com and any other domain names registered or operated by Defendants that are involved with the distribution, Marketing, advertising, offering for sale, or sale of any product infirming on Plaintiff's work or any reproduction, counterfeit copy or colorable imitation thereof that is not a genuine product or not authorized by Plaintiff to be sold in connection with the Plaintiff's rights; and,

2. That Defendants, their affiliates, officers, agents, servants, employees, attorneys, confederates, and all persons acting for, with, by, through, under, or in active concert with them be temporarily, preliminarily, and permanently enjoined and restrained from:

 a. displaying images protected by the Plaintiff's Copyright in connection with the distribution, advertising, offer for sale and/or sale of any product that is not a genuine Plaintiff product or is not authorized by Plaintiff to be sold in connection with the Plaintiff's Copyright; and

 b. shipping, delivering, holding for sale, distributing, returning, transferring or otherwise moving, storing or disposing of in any manner products or inventory

   not manufactured by or for Plaintiff, nor authorized by Plaintiff to be sold or offered for sale, and protected by the Plaintiff's Copyright or any reproductions, counterfeit copies, or colorable imitations thereof.

  c. possessing any product bearing the Plaintiff's copyright or any reproduction, counterfeit copy or colorable imitation thereof that is not a genuine product or not authorized by Plaintiff to be sold in connection with the Plaintiff's copyright. As part of compliance with this provision, we ask that Defendants or those who possess Defendants' infringing goods, segregate and destroy infringing goods; and,

3. That Defendants, within ten days after service of judgment with notice of entry thereof upon them, be required to file with the Court and serve upon the Plaintiff's a written report under oath setting forth in detail the manner in which Defendants have complied with any and all injunctive relief ordered by this Court.

4. Entry of an order that, upon Plaintiff's request, those in privity with Defendants and those with notice of the injunction, including any Internet search engines, webstore hosts or their administrators that are provided with notice of the injunction, cease facilitating access to any or all webstores through which Defendants engage in the sale of Infringing Products; and

5. For an award of Plaintiff's actual damages and Defendant's profits, pursuant to 17 U.S.C. § 504(b), in an amount to be proven at trial for willful copyright infringement of Plaintiff's copyright under 17 U.S.C. § 501(a);

  a. In the alternative to Plaintiff's actual damages and Defendant's profits for copyright infringement of Plaintiff's copyright pursuant to 17 U.S.C. § 504(b), for

      statutory damages of up to $150,000 pursuant to 17 U.S.C § 504(c) for willful copyright infringement, which Plaintiff may elect prior to the rendering of final judgment.

6. For an award of damages to be proven at trial for common law unfair competition.

7. An award of pre-judgment and post-judgment interest on the damages caused by Defendants' infringing activities and other conduct complained of herein;

8. An award of reasonable attorneys' fees and costs incurred in connection with this action;

9. Grant Plaintiff such other and further legal relief as may be just and proper.

Respectfully Submitted,

Dated: August 17, 2022

By:      /s/ Kevin Keener

Kevin J. Keener
DC # 6296898
Keener & Associates, P.C.
161 N. Clark Street, Suite #1600
Chicago, IL 60601
(312) 375-1573
kevin.keener@keenerlegal.com